IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 3:15-CR-510-WKW |
| | ) |
| JOEL THOMAS SMITH | ) |

### ORDER

On October 17, 2016, Defendant Joel Thomas Smith was sentenced to 360 months' imprisonment based upon convictions for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. (Doc. # 75.) Defendant is scheduled to be released from federal custody on November 30, 2040. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 23, 2026).[1]

Before the court is Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 80.) Defendant seeks a sentence reduction for extraordinary and compelling reasons based on (1) the perceived severity of his sentence based on the 10-to-1 ratio between methamphetamine mixture and actual methamphetamine, *see* U.S.S.G. § 2D1.1(c); (2) his grandfather's health condition;

---

[1] This court takes judicial notice of the public records maintained on the Federal Bureau of Prisons' website. *See* Fed. R. Evid. 201(c); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Federal Bureau of Prisons' publicly accessible Inmate Locator records); *Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017) ("[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites.").

(3) his post-offense rehabilitation efforts; (4) the nonretroactive amendment to 21 U.S.C. § 841(b)(1)(A) that reduced the mandatory minimum sentence for defendants with one qualifying prior conviction from 20 years to 15 years; and (5) the cumulative effect of these circumstances. The Government filed a response opposing the motion.[2] (Doc. # 86.) Defendant filed a reply brief.[3] (Doc. # 88.) Based upon careful consideration of all the arguments and the applicable law, Defendant has not shown circumstances warranting a reduction in his sentence under § 3582(c)(1)(A).

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)), *cert. denied*, 144 S. Ct. 1041 (2024). Under § 3582(c)(1)(A), as relevant here, the court may reduce a defendant's sentence if three conditions are met: (1) the 18 U.S.C. § 3553(a) sentencing factors support the reduction; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the reduction aligns "with applicable policy statements issued by

---

[2] The Government states that Defendant "seems to have satisfied" the statutory exhaustion requirement. (Doc. # 86 at 3.) Because the Government has not raised the defense of failure to exhaust under § 3582(c)(1)(A), the court can proceed to the merits of the motion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional . . . .").

[3] Although Defendant was not ordered to submit a reply brief, he filed a motion seeking an extension of time to file one. (Doc. # 87.) Subsequently, Defendant filed the reply brief, which has been considered. Therefore, the motion for an extension will be denied as moot.

the Sentencing Commission," specifically, U.S.S.G. § 1B1.13.  18 U.S.C. § 3582(c)(1)(A).  All three conditions must be satisfied for the district court to grant a motion for compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).  The burden rests with Defendant to demonstrate eligibility for a sentence reduction.  *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not shown the presence of all three conditions.  First, after considering the relevant 18 U.S.C. § 3553(a) factors, the court finds that they do not support compassionate release.  The 360-month sentence, which reflects a below-guideline sentence, accurately reflects the nature and circumstances of the offenses, Defendant's history and characteristics (including criminal history of VI), and the gravity of the crimes.  *See* § 3553(a).  It also promotes respect for the law, protects the public, ensures just punishment, and deters others from committing similar offenses.  *See id.*

Second, the court has evaluated each of Defendant's proposed reasons.  Whether considered independently or collectively, in the context of Defendant's individualized circumstances and U.S.S.G. § 1B1.13(b), these reasons do not rise to the level of extraordinary and compelling.  Third, a sentence reduction would not align with U.S.S.G. § 1B1.13.

Accordingly, it is ORDERED that Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 80) is DENIED.

It is further ORDERED that Defendant's *pro se* motion for an extension of time to file a reply brief (Doc. # 87) is DENIED as moot.

DONE this 23rd day of February, 2026.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE